UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRIST SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1290 CDP |
| | ) | |
| PRUDENTIAL INS. CO. OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Crist Sampson filed this ERISA action after Prudential terminated the long-term disability benefits she had been receiving for ten years through her employer Ralston Purina's welfare benefit plan. Prudential is both the claims administrator and the payor of benefits under Purina's long term disability plan. Sampson initially established her eligibility for benefits in November 1996 due to major depression, diabetes, peripheral neuropathy, hypertension, and COPD. Prudential terminated her benefits on November 6, 2006. Sampson appealed the denial, and Prudential – through "independent reviewers" – denied the claim, concluding that there was insufficient information to establish that she had a functional limitation. Because the parties disagreed over the extent to which discovery beyond the administrative record should be permitted, I directed them to file briefs addressing this issue before I set a schedule in this case. For the

reasons that follow, I will allow Sampson to conduct limited discovery. However, I lack sufficient information to determine all issues related to the standard of review at this time. I will set a further conference with counsel to determine a schedule for the remainder of the case.

## Discussion

The first step in evaluating a claim under ERISA is determining the appropriate standard of review. When evaluating a challenge to a denial of benefits, the court conducts *de novo* review unless the plan grants its administrator discretionary authority to determine benefit eligibility or construe the terms of the plan. Janssen v. Minneapolis Auto Dealers Ben. Fund, 477 F.3d 1109, 1113 (8th Cir. 2006) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). If a plan gives discretion to a plan administrator, the plan administrator's decision is reviewed under a deferential abuse of discretion standard. Id. Here, Sampson agrees with Prudential that the abuse of discretion standard is likely to apply in this case.[1]

---

[1]The Summary Plan Description, which is part of the plan at issue here, states the following:
> This Group Contract underwritten by the Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s). The Prudential Insurance Company of America as Claims administrator has the sole discretion to interpret the terms of the Group Contract, to make factual finding, and to determine the eligibility for benefits. The decision of the Claims administrator shall not be overturned unless arbitrary and capricious.

In <u>Metropolitan Life Insurance Company v. Glenn</u>, 128 S. Ct. 2343 (2008), the United States Supreme Court considered whether a conflict of interest is present when a plan administrator acts in dual roles as an a payor of plan benefits as well as an administrator who decides whether benefits are paid. The Court concluded that an administrator acting in such dual roles does labor under a conflict of interest. However, the Court declined to say that such a conflict warrants a less deferential standard of review in all cases. Rather, the Court adopted a "combination of factors" method in which the conflict of interest can act "as a tiebreaker when other factors are closely balanced." <u>Id.</u> at 2351. A conflict is "more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." <u>Id.</u> "In <u>Glenn</u>, the Supreme Court made clear the conflict does not change the standard of review applied by the district court." <u>Hackett v. Standard Ins. Co.</u>, 2009 WL 703235, *5 (8th Cir. March 19, 2009). Rather, <u>Glenn</u> merely instructs courts to "take into account several different considerations" when evaluating the deference to be afforded a plan administrator's decision, "of which a conflict of interest is one." <u>Glenn</u>, 128 S. Ct. at 2351. In <u>Jones v. Mountaire Corp. Long Term Disability Plan</u>, 542 F.3d 234, 240 (8th Cir. 2008), the Eighth Circuit remanded the case to the trial court for reconsideration of the

standard of review under <u>Glenn</u>'s combination-of-factors approach.  <u>Id.</u>  <u>See</u> <u>also</u>, <u>Hackett</u>, 2009 WL 703235 at *5 (district court erred when it applied <u>Woo v. Deluxe Corp.</u>, 144 F.3d 1157, 1160 (8th Cir. 1998), instead of considering the plan administrator's conflict of interest as a factor under <u>Glenn</u>).

Following Supreme Court and Eighth Circuit precedent, I conclude I am required to review a plan administrator's decision for abuse of discretion where the plan language requires it.  However, conflicts of interest should be taken into account to evaluate a plan administrator's decision.  <u>See</u> <u>Hackett</u>, 2009 WL 703235 at *5.  What <u>Glenn</u> makes clear, however, is that a conflict or procedural irregularity cannot be considered in a vacuum.  Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue.  <u>See</u> <u>Glenn</u>, 128 S. Ct. at 2351.  Here, Sampson has shown a conflict of interest because the parties agree that Prudential acts as both a plan administrator and as the entity paying out money for successful claims, and this in itself is a conflict of interest. Under <u>Glenn</u>, some discovery should be allowed.

I cannot now determine the precise standard of review that will govern this case, except to say that I will follow the plan language and the law as it has been formulated by the Supreme Court and the Eighth Circuit.  I also cannot establish the precise limits for discovery beyond the administrative record.  As discussed during our last conference, I will hold a supplemental telephone scheduling

conference. In advance of the conference, the parties should confer with one another and attempt to agree, in light of this decision and Sampson's representation that her discovery requests will be narrowly tailored to the factors set out in <u>Glenn</u>, on the additional discovery that is needed and on the appropriate scope of discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the court will hold a telephone scheduling conference on **Friday, April 24, 2009 at 11:00 a.m.** Plaintiff's counsel shall place the call and have all necessary counsel on the line. In advance of the conference the parties must meet and confer and attempt to reach agreement on the scope of discovery, in light of my rulings as set out above, and on a schedule for the remainder of the case. They must file a joint proposed scheduling plan no later than **Friday, April 17, 2009** setting out their proposed schedule and any disputes that remain. If disputes remain over the scope of discovery, the joint filing must set forth with specificity what discovery plaintiff wants that defendant opposes.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2009.